UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATY BRAY and RICHARD BRAY,
      Plaintiffs,

No. 1:08-cv-1005

-v-

HONORABLE PAUL L. MALONEY

DOG STAR RANCH, INC,
PATRICK YARNOLD, and
CAROL YARNOLD, Personally and
Individually,
      Defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION

This matter comes before the court on Defendants' motion for reconsideration. (Dkt. No. 58.) On March 10, 2010, this court issued an opinion and order (Dkt. No. 54) granting in part and denying in part Defendants' motion for summary judgment. Defendants move for reconsideration of a single issue in the March 10 opinion and order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.4 of the Local Rules of Civil Procedure for the Western District of Michigan. This court ordered Plaintiffs to file a response to the motion. (Dkt. No. 62.) Plaintiffs timely filed their response. (Dkt. No. 63.)

STANDARD OF REVIEW

Under the Local Rules of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. MICH. L. R. CIV. P. 7.4(a). Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, two rules have been interpreted as providing a basis for a trial court to reconsider orders and judgments. A

party may file a motion to alter or amend a judgment within 28 days after the entry of judgment. FED. R. CIV. P. 59(e). A motion brought under Rule 59(e) requests the court reconsider matters properly encompassed in a decision on the merits. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). Under the rule, a district court may reconsider the judgment entered and may grant the motion for any of four reasons: (1) an intervening change in the controlling law, (2) newly discovered evidence, (3) to correct a clear error of law, or (4) to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A party may file a motion for relief from a judgment or order under Rule 60. Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, discharge, reversal or vacation of the judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-543 (6th Cir. 2004).

A motion for reconsideration is not an opportunity to present new arguments that could have been presented before the court issued its ruling, but an opportunity for the court to *re*consider those arguments already presented. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

> The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is

2

inappropriate.

*Weese v. Shukman*, 148 F.R.D. 279, 280 (D.Kan. 1993) (citation omitted). A motion for reconsideration will be denied where the issues raised by the moving party have already been raised and ruled upon by the court, either expressly or by reasonable implication. *Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).

ANALYSIS

In their complaint, Plaintiffs claim they were not paid time-and-a-half for work in excess of forty hours a week in violation of the Fair Labor Standards Act. In their motion for summary judgment, Defendants argued they were entitled to offset underpayments by overpayments made to Plaintiffs when Plaintiffs worked less than forty hours a week. Defendants explained they paid Plaintiffs for forty hours work each week, regardless of whether Plaintiffs worked more than forty hours or less than forty hours. Defendants reasoned Plaintiffs should not get a windfall by retaining the excess pay when they worked less than forty hours. Defendants calculated how much Plaintiffs were overpaid and underpaid for the pay periods for the three years prior to the filing of the complaint. Defendants tendered checks to Plaintiffs based on Defendants' calculations of the underpayments and overpayments. In their response brief, Plaintiffs disagreed with the legal basis for Defendants' offset claim. Plaintiffs expressed no agreement or disagreement with the factual basis for Defendants' offset claim. In a footnote, Plaintiffs raised a general concern about the accuracy of the payroll records for other employees. Plaintiffs were mute on Defendants' calculation of either the time worked by Plaintiffs or the amounts paid to Plaintiffs.

The court ultimately agreed that Defendants were entitled to offset any overpayments against the underpayments. However, the court concluded Defendants had not correctly calculated the back

pay owed to Plaintiffs because the calculation was made at straight pay, rather than overtime (time-and-a-half) pay.

Defendants have moved for reconsideration of the conclusion that they miscalculated Plaintiffs' backpay.[1] Defendants explain again how they calculated the amount of pay proffered to Plaintiffs. The court agrees Defendants correctly calculated the amount of overtime pay Plaintiffs are owed for the time periods contained in Defendants' calculations. After Defendants filed their motion for reconsideration, Plaintiffs filed a motion in limine arguing Defendants' payroll records should not be admitted at trial because the records could not be authenticated. In their response to the motion for reconsideration, Plaintiffs make a similar argument, that Defendants' records are inaccurate. Plaintiffs argue the court was correct when it concluded that the offset calculations were incorrect, but "not because Defendants used straight-time rates instead of the time and one-half rate for a workweek in which more than 40 hours were worked by the employee." (Dkt. No. 63 - Pl. Response to Mot. For Reconsideration at 1.) Instead, Plaintiffs argue the offset calculations are incorrect because the records are not accurate, Defendants did not keep accurate records of the "banked" hours, and because Defendants did not accurately credit Plaintiffs use of the "banked" hours at the rate of one-and-a-half hours for each hour of overtime worked.

Defendants are entitled to the relief they seek. Defendants have demonstrated that the court misunderstood how Defendants calculated the overtime owed to Plaintiffs. Defendants have demonstrated that the method used to calculate Plaintiffs' unpaid overtime, offset by overpayments, is consistent with the method identified in the March 10 opinion and order. The arguments raised

---

[1]The motion is properly brought before the court under Local Rule 7.4, asserting a palpable defect, and Federal Rule 60(b)(1), asserting a mistake. Rule 59(e) does not provide a basis for bring the motion as no judgment has been entered.

by Plaintiffs in their response to the motion for reconsideration were not asserted in the briefs submitted to the court as part of the motion for summary judgment. The arguments raised by Plaintiffs could have been made, but were not, in response to Defendants' motion for summary judgment.[2] *See Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) ("Litigation is not a game of hopscotch. It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling.") Plaintiffs have an obligation to put the arguments before the court prior to a ruling, not afterward. Defendants have determined how much they owe Katy Bray for unpaid overtime, offset by overpayments. Defendants have determined how much they owe Richard Bray for unpaid overtime, offset by overpayments, but only for work performed through January 1, 2007.

Accordingly, Defendants' motion for reconsideration (Dkt. No. 58) is **GRANTED.**

**IT IS SO ORDERED.**

Date: April 7, 2010                                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief, United States District Judge

---

[2] Plaintiffs claim, at oral argument on the motion for summary judgment, they asserted Defendant did not properly credit the bank of overtime hours, that were subsequently used by Plaintiffs for paid time off, at one-and-a-half hours for each hour of overtime worked. This argument was not raised in the briefs. In the briefs, Plaintiffs did not otherwise challenge the accuracy of Defendants records regarding Plaintiffs' time worked and payments made. Counsel's assertion is not admissible evidence which would create a genuine issue of material fact. *See SEC v. Lowery*, 533 F.Supp.2d 466, 490 (W.D. Mich. 2009) (Maloney, C.J.); *see also In re Aredia and Zometa Prods. Liability Litigation*, No. 3:06-md-1760, 2009 WL 2497229, at * 1 (M.D. Tenn. Aug. 13, 2009) ("The only way Plaintiff attempts to rebut this statutory presumption is by alleging that the FDA approvals were improperly obtained, and the only evidence Plaintiff offers to argue that the FDA approvals were improperly obtained is her counsel's conclusory statement, with no citations to any admissible evidence in this record.").